Dorothea E. Dohaldsoh, J.
The State of New York moves to dismiss the above-entitled claim pursuant to CPLR 3211 (subd. [a], pars. 1, 7, 8), upon the grounds that a defense is founded upon documentary evidence, that the pleadings fail to state a cause of action, and that the court has no jurisdiction of the person of the defendant.
That part of the motion based on paragraphs 1 and 8 is denied as not timely made. Although the State does not need to serve or file a responsive pleading, the provisions of subdivision (e) of CPLR 3211 apply to motions made by the State. The Legislature has included this provision in order to dispose of motions to dismiss at a time early in the course of the action or at the time of trial. The State is obliged to file a counterclaim within 20 days of service of a claim upon the Attorney-General (Court of Claims Act, rule 14). This time limit, involving as it does the only responsive pleading which the State need serve, must govern the time limit for those motions subject to the limitations set out in CPLR 3211. Moreover, it would be unconscionable to place the claimant in a position of never knowing when it would be subjected to such a motion. The failure of the CPLR to provide for the particular pleading and the system under which the Court of Claims functions do not obviate the *30 spirit of the enactment. This motion is made eight months after the claim was filed and almost three years after the notice of intention to sue was filed. No harm is done to the State by denying this part of the motion, as a waiver of these defenses would occur only if a responsive pleading were served without the inclusion of such defenses. Since the State is protected by not having served a responsive pleading, no waiver does occur, permitting the State to raise these issues at trial.
Claimant’s intestate was killed while driving on June 30, 1963 when, through the alleged negligence of Kalman Bohuczky in the operation of his motor vehicle, their vehicles collided.
Bohuczky’s driving record, as shown by the exhibit attached to claimant’s opposing affidavit, shows he was involved in two accidents, one in 1962 and one in 1963, which gave rise to this cause of action. He also had six moving violations for speeding and the like, including one for driving without a license. The record further indicates his driving license was suspended from May to October of 1960 and revoked in November, 1960. A new license was approved in October of 1961.
Claimant contends that the State’s failure to finally revoke, and its grant to Bohuczky of, a license to operate a motor vehicle were the cause of the death of claimant’s intestate.
State moves to dismiss on the ground that the claimant has failed to state a cause of action. Subdivision 2 of section 510 of the Vehicle and Traffic Law, and the discretionary standards set up in subdivision 3 thereof, are minimum standards for the revocation of licenses in the State of New York. Discretion is given to various persons who may direct the renewal of driver’s license or the granting of applications for renewal upon the suspension of a license. Such discretion can be abused. Abuse is a question of fact which awaits the exposition and determination given at trial.
However, assuming arguendo, that there was abuse in the use of discretion, it does not follow, ipso facto, that such abuse constituted causal connection between the issuance of a license and the accident. The irresponsibility of one driver cannot be predicated upon the discretion of the individual who issued or revoked a license as such risk is not reasonably perceivable. The issuance or revocation of a license is not proof of a driver’s ability or carefulness on the road. Additionally, the revocation of a license would not prevent the use of the roads by someone without the moral regard for the sanction of the law.
Accordingly, the motion of the State for dismissal is granted, and in the light of the foregoing, the cross motion of claimant for an examination before trial is denied.